The opinion of the court was delivered by
Spencer, J.
The plaintiff brings this her third opposition to the sale of 640 acres of land and one bale of cotton, seized as the property of her husband, Moses Spivey, to satisfy a judgment in the suit of A. C. Hill vs. Moses Spivey.
She claims to be owner by conveyance from C. W. Hodge, of date 6th May, 1868. She alleges that Hodge acquired at succession sale, 18th May, 1867, of the estate of J. B. Mitchell, per deed of date 6th September, 1867; that Mitchell acquired by purchase from Moses Spivey, her husband, by deed of date 13th March, 1866, and duly recorded on 17th of same month and year.
She further alleges that she was duly separated in property from her husband, and the community between them dissolved, by decree of date May 29,1867. She alleges that the property has been seized at the *654 instance of William Wilson, and that she has been damaged to a stated amount by the illegal proceedings. She therefore opposes the sale, demands its nullity if made, and prays for damages.
The answer admits the seizure, but avers that the property is that of the husband, Moses Spivey, and that plaintiff’s judgment and separation is fraudulent and simulated. That the sales from Moses Spivey to J. B. Mitchell, from J. B. Mitchell’s administrator, Rainey, to C. W. Hodge, and from Hodge to plaintiff, are and were each and all fraudulent simulations, concocted and devised to defraud the creditors of Moses Spivey, an insolvent. That Moses Spivey remained, during all these pretended mutations of title, in the actual undisturbed and open possession of the said property, and that he never received any consideration for its pretended sale. That the conveyance by Hodge of said property to Mrs. Spivey was a sham; that she was merely a person interposed, and that Moses Spivey was the real owner. This suit or opposition was filed February 25,1878, and defendant’s answer May 18, 1878.
Plaintiff subsequently filed several pleas of prescription — that of one year against the demand in nullity of her judgment; that of five years as to the succession of.J. B. Mitchell; that of five years to the note sued upon in the case of Hill vs. Spivey, and that of ten years as to her ownership and title to the property.
We may here eliminate from this case all question as to the validity of plaintiff’s separation from her husband. We are satisfied that her demands for separation against him were well founded, and that the judgment was properly rendered, advertised and executed. The objection that she was not authorized by the judge to bring the suit has no force in it, as the husband in proper person accepted service of the ■petition and made no objection. The real and only question in this case is, were the sales and transfers from Spivey, through Mitchell and Hodge to Mrs. Spivey, simulations devised and intended to defraud creditors. If they were, the questions of prescription raised by plaintiff are immaterial, since prescription acquirendi causa can be invoked only by one who possesses as owner. The judgment of Hill vs. Spivey was rendered on a note dated in 1859 or 1860, and after contest. The judgment was dated 23d March, 1870. It was therefore a debt of Spivey existing antecedently to these alleged sales, and the judgment is res adjudicata against him. If therefore Mrs. Spivey is not the owner, but simply the alter ego of her husband — a person interposed to hold the property for him, there is no occasion to determine the questions as to whether the note upon which that judgment was predicated was or not at the time prescribed, nor whether a third possessor can or not plead such prescription after judgment.
*655 The evidence in this record shows that Moses Spivey was much involved; that he made propositions to Gibson, who then held the note •sued upon in the Hi'l vs. Spivey case, to settle it in part, if he Gibson would assist by means of it, to cover Spivey’s property; that Mitchell, ■stated that Spivey had desired to effect a similar arrangement with him. 'Then comes the deed from Spivey to Mitchell, conveying 1160 acres of land with several horses, cows, sewing machine, hogs, etc., at the price of $2000 cash. It seems that Mitchell did execute a draft to Spivey on Standifer & Co., Trenton, for the $2000, which was so far as appears never presented. Spivey continued in possession of every thing sold, Mitchell exercising no control whatever. Mitchell died and Rainey was appointed his administrator. The lands in question were put on the inventory: but it was therein stated that the movables were in Spivey’s possession, and had not come into Mitchell’s hands. The lands were ■sold by the administrator of Mitchell on 18th May, 1867, and adjudicated to C. W. Hodge (1160 acres) for $1740 cash. As we have seen, Hodge subsequently conveyed to Mrs. Spivey, the plaintiff, for $2000 cash.
The plaintiff herself went on the stand as a witness for herself. She says she had no money in 1867, at the time she was separated from her husband. She was unable to state any sources from which she obtained money in 1867 or 1868; admits that no delivery was ever made of any of the property sold to Mitchell; that it remained in the hands of Spivey; admits that Hodge bought the land in for her; and that Mr. Spivey paid the price to the estate of Mitchell, and thinks he did so with the money proceeding from the Mitchell draft in favor of Spivey. In other words the adjudication to Hodge was paid for by Spivey, through the draft given him originally by Mitchell.
The law declares that where the seller remains in possession of the thing sold, the sale is presumed to be simulated. We have no doubt of the simulation of the sale by Spivey to Mitchell. Mitchell’s death embarrassed the transaction somewhat, and necessitated an adjudication to Hodge. The effect and result of these transactions were to put the property of Spivey in the name of his wife. Such a disguise cannot protect it from his creditors. The wife separate in property from her husband may acquire property in her own name; but she cannot do so with her husband’s money to the prejudice of his creditors.
As regards the question of Wilson’s ownership of the judgment of Hill vs. Spivey, it is only necessary to say that plaintiff raises no such question in her opposition; and that the execution in that case issued for the use and “ benefit of Wm. Wilson.” As the records of the suit were burned with the court house of Jackson parish in 1878, it is fair to presume there was authority therein for the clerk so issuing it. Besides, *656 as we hold that plaintiff is not owner of the property seized, she has. no interest in raising the question.
The judgment below was in favor of plaintiff, and is erroneous. It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed; and it is now decreed that there be judgment for defendant, rejecting plaintiff’s demands, at her costs, in both courts.